## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Ridriguez Ashford,<br>*aka James Michael Baxley, Jr.,* | ) C/A No. 0:10-1342-DCN-PJG |
| Plaintiff, | ) |
| | ) **REPORT AND** |
| vs. | ) **RECOMMENDATION** |
| South Carolina Department of Correctional<br>Classification, | ) |
| Defendant. | ) |

The plaintiff, Ridriguez Ashford, also known as James Michael Baxley, Jr., ("Plaintiff"), a self-represented state prisoner, brings this action pursuant to 42 U.S.C. § 1983. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC. Plaintiff is an inmate at McCormick Correctional Institution, a facility of the South Carolina Department of Corrections ("SCDC"), and files this action *in forma pauperis* under 28 U.S.C. § 1915. The Complaint names the "South Carolina Department of Correctional Classification" as the sole defendant.[1] Plaintiff claims that upon imprisonment by SCDC, he was given the name Ridriguez Ashford, and SCDC refuses to change his name to his birth name, James Michael Baxley, Jr. Plaintiff seeks to have his name in SCDC records corrected, as well as "a reasonable settlement." Having reviewed the Complaint in accordance with applicable law, the court concludes that it should be summarily dismissed for failure to state a claim upon which relief may be granted.

---

[1] Title 28 U.S.C. § 1915A (a) requires review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."



## *PRO SE* AND *IN FORMA PAUPERIS* REVIEW

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, and the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996). This review has been conducted in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Md. House of Corr., 64 F.3d 951 (4th Cir. 1995) (*en banc*); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983).

The Complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted," "is frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief."[2] 28 U.S.C. § 1915(e)(2)(B). A finding of frivolousness can be made where the complaint "lacks an arguable basis either in law or in fact." Denton, 504 U.S. at 31. Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. Neitzke, 490 U.S. 319; Allison v. Kyle, 66 F.3d 71 (5th Cir. 1995).

This court is required to liberally construe *pro se* complaints. Erickson v. Pardus, 551 U.S. 89, 94 (2007). Such *pro se* complaints are held to a less stringent standard than

---

[2]Screening pursuant to § 1915A is subject to this standard as well.



those drafted by attorneys, id.;Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. Erickson, 551 U.S. at 93 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007)).

Nonetheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990); see also Ashcroft v. Iqbal, 129 S. Ct. 1937, 1953 (2009) (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions"). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so; however, a district court may not rewrite a complaint to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999), construct the plaintiff's legal arguments for him, Small v. Endicott, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

### DISCUSSION

Plaintiff files this civil rights action pursuant to 42 U.S.C. § 1983. A legal action under § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." City of Monterey v. Del Monte Dunes at Monterey, Ltd., 526 U.S.

OJG

687, 707 (1999).  The civil rights statute 42 U.S.C. § 1983 " 'is not itself a source of

substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere

conferred.' " Albright v. Oliver, 510 U.S. 266, 271 (1994), quoting Baker v. McCollan, 443

U.S. 137, 144, n.3 (1979).  To state a claim under § 1983, a plaintiff must allege:  (1) that

a right secured by the Constitution or laws of the United States was violated, and (2) that

the alleged violation was committed by a person acting under the color of state law.  West

v. Atkins, 487 U.S. 42, 48 (1988).

      The statement of claim portion of the Complaint states in its entirety, verbatim:

> I James Michael Baxley, Jr., [date of birth and social security number
> omitted] was sentence in the courts of South Carolina under my name that
> was giving at birth on 04/06/06.  Which is the name on my commitment sheet
> entering South Carolina Department of Correction.  Once coming through
> classification I was giving this name Ridiguez Ashford #294470.  I stated my
> birth name and ss# to correct the situation but no correction made.

Plaintiff seeks to have SCDC correct his name in their records, as well as "a reasonable

settlement."

      Plaintiff names "South Carolina Department of Correctional Classification" as the

defendant in this § 1983 action.  "Classification" is a section or department within SCDC.

Thus, the defendant is actually suing a state agency, the South Carolina Department of

Corrections, as the only defendant.  Neither the State nor its agencies is a "person" for

purposes of liability under § 1983.  Will v. Michigan Dep't of State Police, 491 U.S. 58

(1989).  Additionally, absent waiver or consent, the Eleventh Amendment bars a suit

directly against the State or its agencies.  Seminole Tribe of Florida v. Florida, 517 U.S. 44

(1996).  The Eleventh Amendment provides:

> The Judicial power of the United States shall not be construed to extend to
> any suit in law or equity, commenced or prosecuted against one of the



United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

U.S. Const. Amend. XI. The Eleventh Amendment confirmed the constitutional principle of sovereign immunity, which predates the Amendment. See Alden v. Maine, 527 U.S. 706, 728-29(1999). Although the Eleventh Amendment expressly forbids suits in federal court by citizens of other States against a State, the Amendment also bars suits against a State filed by it own citizens. See Hans v. Louisiana, 134 U.S. 1 (1890). A State must consent to suit in a federal district court, which serves to waive sovereign immunity. See Lapides v. Board of Regents, 535 U.S. 613 (2002). The defendant has not consented to suit in federal court in this case. The Eleventh Amendment therefore bars the plaintiff from suing the defendant in this court.

Even if Plaintiff amended his Complaint to name a person amenable to suit in this case, the factual allegations of the Complaint fail to state a claim under § 1983. The Complaint fails to state the violation of a right secured by the Constitution or laws of the United States. At most, the allegations possibly raise a negligence claim, which is not actionable under § 1983. See Daniels v. Williams, 474 U.S. 327 (1986) (negligence); Davidson v. Cannon, 474 U.S. 344 (1986) (negligent failure to protect); Ruefly v. Landon, 825 F.2d 792, 793-794 (4th Cir. 1987) (same); Pink v. Lester, 52 F.3d 73, 78 (4th Cir. 1995) ("The district court properly held that Daniels bars an action under § 1983 for negligent conduct[.]"). Section 1983 does not impose liability for violations of duties of care arising under state law. DeShaney v. Winnebago County Dep't of Social Servs., 489 U.S. 189, 200-203 (1989). The Complaint fails to state a claim on which relief may be granted under § 1983 and should be dismissed. See 28 U.S.C. § 1915(e)(2)(B)(ii).

PJG

**RECOMMENDATION**

Accordingly, the court recommends that the complaint be dismissed without prejudice and without issuance and service of process. 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

_Paige J. Gossett_
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

June 9, 2010
Columbia, South Carolina

*The plaintiff's attention is directed to the notice on the following page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).